# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

MELISSA THORNER,

          Plaintiff,

v.                                                        CIVIL ACTION NO. 3:18-cv-00360

COLUMBIA GAS TRANSMISSION, LLC,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion for Judgment on the Pleadings. (ECF No. 29.) For the reasons stated herein, the Court **DENIES** the motion.

## I. BACKGROUND

This action stems from a Temporary Access Easement and an Easement and Right-of-Way Agreement (collectively, "the Agreement") executed between Plaintiff and Defendant on June 15, 2017. (ECF Nos. 6-1, 6-2.) The Agreement relates to the construction of Defendant's 170-mile Mountaineer Xpress Pipeline, which will cross Plaintiff's property in Union District, Putnam County, West Virginia. (ECF No. 1-1 at 2 ¶ 5; ECF No. 6 at 7 ¶ 2.) According to the Verified Complaint and Motion for Preliminary and/or Permanent Injunction ("Complaint"), Plaintiff had several meetings and negotiations with Defendant's land agent, Allen Weaver ("Mr. Weaver"), before signing the Agreement. (ECF No. 1-1 at 2 ¶ 6.) However, she alleges that Mr. Weaver

1

induced her into executing the Agreement "by fraudulently misrepresenting the location of the Right of Way." (*Id.* ¶ 7.)

Plaintiff originally filed her claims in the Circuit Court of Putnam County, West Virginia, on January 29, 2018. (ECF No. 1-1.) In the Complaint, she asserts the following three causes of action: (I) fraud and misrepresentation, (II) declaratory judgment, and (III) motion for preliminary and/or permanent injunction.[1] (*Id.* at 1–5 ¶¶ 4–19.) Defendant removed the case to this Court on February 27, 2018, asserting diversity jurisdiction as the sole basis for this Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a). (ECF No. 1 at 4.) Defendant filed its answer and counterclaims ("Counterclaim") shortly after this case's removal on March 6, 2018, alleging the following three counts: (I) specific performance, (II) preliminary and permanent injunction, and, in the alternative, (III) condemnation pursuant to Federal Rule of Civil Procedure 71.1 and 15 U.S.C. § 717, *et seq.* (ECF No. 6 at 14–22.) Plaintiff filed her answer to Defendant's Counterclaim on March 26, 2018. (ECF No. 20.)

On March 23, 2018, the Court granted Defendant's Motion for Preliminary and/or Permanent Injunction, extending a previous injunction in *Columbia Gas Transmission, LLC v. 466.19 Acres of Land*, Civil Action No. 2:18-cv-00044, to Plaintiff's parcel of land at issue in this case and ordering that Defendant may immediately access and possess the relevant easement after satisfying certain conditions and depositing funds and a surety bond prior to taking possession. (*See* ECF No. 19.) Thereafter, Defendant filed the pending Motion for Judgment on the Pleadings on June 4, 2018. (ECF No. 29.) Plaintiff responded to the motion on June 15, 2018, (ECF No.

---

[1] The parties agree in the briefing before the Court that Counts Two and Three are no longer in dispute. (*See* ECF No. 31 at 4; ECF No. 32 at 1.) Therefore, the Court **DISMISSES** Counts Two and Three of the Complaint, and Count One is all that remains pending.

31), and Defendant filed its reply on June 21, 2018, (ECF No. 32). As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

When considering a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court applies the same standard as when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014); *Butler v. United States*, 702 F.3d 749, 751–52 (4th Cir. 2012). Under the familiar standard of Rule 12(b)(6), the Court assumes the factual allegations in the pleadings to be true and construes them in the light most favorable to the non-moving party. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 248 (4th Cir. 1999). "A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." *Drager*, 741 F.3d at 474. However, the Court is not obliged to accept allegations that "represent unwarranted inferences, unreasonable conclusions, or arguments," or that "contradict matters properly subject to judicial notice or by exhibit." *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006) (internal quotation marks omitted).

A district court may reach the merits of an affirmative defense when ruling on this type of motion "if all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Pursuant to Federal Rule of Civil Procedure 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Further, if evidence outside the pleadings is tendered to and accepted by the Court, the motion for judgment on the pleadings is converted into a motion

for summary judgment under Rule 56. *A. S. Abell Co. v. Balt. Typographical Union*, 338 F.2d 190, 193 (4th Cir. 1964); Fed. R. Civ. P. 12(d).

However, the Court will construe the present motion solely as a motion for judgment on the pleadings as the documents to be considered by the Court—the Complaint, Defendant's Counterclaim, and Plaintiff's answer to the Counterclaim, and their attached exhibits—are all part of the pleadings. *See* Fed. R. Civ. P. 7(a); *see also N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452–53 & n.5 (7th Cir. 1998); *Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. 1988); *Webb Law Firm, P.L.L.C. v. Webb Law Firm, P.C.*, No. 2:13–cv–21470, 2014 WL 4795159, at *1 n.3 (S.D. W. Va. Sept. 25, 2014). Ultimately, "[t]he court may grant a motion for judgment on the pleadings and dismiss a plaintiff's claims with prejudice when the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Buie v. BFGoodrich Textile Chems., Inc.*, 60 F. Supp. 2d 522, 522 (W.D.N.C. 1999).

### III. DISCUSSION

Defendant argues that Plaintiff has waived her right to pursue the remaining fraud claim based on her answers to the pending Counterclaim. (*See* ECF No. 30 at 5.) First, Defendant asserts that Plaintiff admits to voluntarily executing the Agreement on June 15, 2017. (*Id.* at 5 (noting that copies of the Agreement are attached to Defendant's Counterclaim).) Further, Defendant states that Plaintiff admits to requesting that Defendant modify the pipeline's planned route through her land as the original route "might adversely impact her ability to develop the Property in the future" and that Plaintiff admits to approving the prepared reroute on April 28, 2017. (*Id.* at 6 (noting that "Plaintiff admits that she required Columbia to construct the Reroute instead of the Original Route").) Defendant also points out that Plaintiff admits that she agreed

4

to accept and actually received two checks totaling $71,995 in compensation from Defendant after executing the Agreement. (*Id.* at 7.) Lastly, Defendant asserts that Plaintiff denies in her answer that she seeks to void and rescind the Agreement, which was the relief she sought in the Complaint. (*Id.* at 7, 10.) Due to these admissions, Defendant argues that Plaintiff's fraud claim is "foreclose[d]." (*See id.* at 7–10.)

Plaintiff's response to the motion states that her "position is simply that Defendant's agent, Allen Weaver, misrepresented to her the exact location of the rerouting of the pipeline on the actual ground." (ECF No. 31 at 2.) While the response concedes that Plaintiff and Defendant's agent met on her property, walked the area where the route was to be moved, and agreed on that location, it claims that the location actually marked on the ground was in a different area than that to which Plaintiff agreed. (*See id.* (noting that she would "never have agreed to [that area] as it dissect[ed] the ancient house seat foundation and forestalls development of the property").)

As provided above, a complaint typically only needs to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, fraud is a special matter that must be pled with "particularity." Fed. R. Civ. P. 9(b). Federal Rule of Civil Procedure 9 specifically requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularly." "[T]he 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1297 (2d ed. 1990)). If a plaintiff does not meet Rule 9(b)'s pleading

5

requirements, this alone may result in dismissal of the complaint. *See CSX Transp., Inc. v. Gilkison*, No. 5:05CV202, 2007 WL 1795620, at *2 (N.D. W. Va. June 20, 2007) (citations omitted).

This Court, sitting in diversity jurisdiction, must apply the substantive law of West Virginia. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007). In West Virginia, "[f]raud has been defined as including all acts, omissions, and concealments which involve a breach of legal duty, trust or confidence justly reposed, and which are injurious to another, or by which undue and unconscientious advantage is taken of another." *Stanley v. Sewell Coal Co.*, 285 S.E.2d 679, 682 (W. Va. 1981). Specifically, "[t]he essential elements in an action for fraud are: (1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied on it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied on it." Syl pt. 1, *Lengyel v. Lint*, 280 S.E.2d 66 (1981); *accord Kessel v. Leavitt*, 511 S.E.2d 720, 752 (W. Va. 1998).

> The entirety of Plaintiff's fraud claim within the Complaint pleads the following:
>
> 5. Plaintiff Melissa Thorner is the owner of a certain 70[-]acre tract or parcel of land, more or less, situate[d] in Union District, Putnam County, West Virginia, known as Tax Map 135 Parcel 8.2 (hereinafter referred to as the "subject property") . . . .
>
> 6. Plaintiff Melissa Thorner on June 15, 2017, after several meetings and negotiations with Allen Weaver, agent of Defendant Columbia Gas Transmission, LLC, executed that certain Easement and Right of Way Agreement on June 15, 2017, as well as a Temporary Access Easement.
>
> 7. Allen Weaver, agent for Defendant Columbia Gas Transmission, LLC, induced Plaintiff Melissa Thorner's signature upon the Easement and Right of Way Agreement and Temporary Access Easement by fraudulently misrepresenting the location of the Right of Way.

> 8. It was in reliance upon the misrepresentation by Allen Weaver, agent for Defendant Columbia Gas Transmission, LLC that Plaintiff Melissa Thorner entered into the Easement and Right of Way Agreement and Temporary Access Easement.
>
> 9. Plaintiff Melissa Thorner had a reasonable expectation that Defendant Columbia Gas Transmission, LLC and/or its agents would appropriately disclose the correct location of the Right of Way.
>
> 10. Plaintiff Melissa Thorner was injured by her reliance on the representations made by Allen Weaver, agent for Defendant Columbia Gas Transmission, LLC.

(ECF No. 1-1 at 2–3.) Standing alone, these allegations appear to meet the particularity requirement of Federal Rule of Civil Procedure 9. However, "[i]n resolving a motion for judgment on the pleadings, the Court may rely on admitted facts in the pleadings, documents attached to the pleadings, and facts contained in materials of which the Court may take judicial notice." *Brown v. Econ. Premier Assurance Co.*, No. 1:17-cv-00206-MOC-DLH, 2018 WL 1594669, at *2 (W.D.N.C. Apr. 2, 2018) (citations omitted); *see also Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013).

Here, Defendant filed a Counterclaim against Plaintiff in which it asserts various factual allegations of its own. Defendant urges the Court to focus on Plaintiff's answer to the Counterclaim and several admitted facts contained therein in resolving the pending motion. In the Counterclaim, Defendant first alleges that "Thorner voluntarily entered into [the Agreement] with Columbia, granting Columbia easement rights on, over, across and through her property . . . to build a natural gas pipeline . . . ." (ECF No. 6 at 7 ¶ 1.) Plaintiff admits those allegations and admits that a true and correct copy of the Agreement that she signed is attached to the Counterclaim. (ECF No. 20 at 1 ¶ 1.) Defendant's Counterclaim also asserts that Plaintiff expressed concerns regarding the originally planned route on Plaintiff's property, as conveyed to

7

her by Mr. Weaver, and that she requested a "re-route [of] the pipeline to a different location of her choosing on the Property." (ECF No. 6 at 9 ¶¶ 16–17.) Plaintiff admits those facts, as well. (ECF No. 20 at 2 ¶¶ 16–17.) Approximately six months later, on April 28, 2017, two of Defendant's agents allegedly met with Plaintiff and walked the property with her as she showed them her preferred location for the easements. (ECF No. 6 at 10 ¶ 18.) One of the agents "drew the new location for [Plaintiff]'s review and she approved the modified route . . . ." (*Id.*) Plaintiff admits that she walked the property with Defendant's agents, showed them her preferred location, and approved the route's modification on that day in April 2017. (ECF No. 20 at 3 ¶ 18.) After requiring Columbia to agree to the modified route, Plaintiff admits to agreeing to accept from Defendant $71,995 in consideration for the easements and cashing a check for the first $50,000 shortly thereafter. (ECF No. 6 at 10 ¶¶ 22–23, 19 ¶ 63; ECF No. 20 at 3 ¶¶ 22–23, 6 ¶ 63.)

Even considering these admissions, there are key denials by Plaintiff that Defendant avoids mentioning in the pending motion. For example, while Plaintiff admits to approving the modified route shown to her on the property on April 28, 2017, she denies that Mr. Weaver met with her at her residence on June 10, 2017, and that he "showed [her] a drawing/plat reflecting the Reroute." (ECF No. 6 at 10 ¶ 20; ECF No. 20 at 3 ¶ 20.) Further, while Plaintiff admits that the Agreement attached to the Counterclaim is a true and correct copy of the document she signed, she denies that "[a] plat reflecting the Reroute [to which she agreed] was attached to the Easement Agreement as Exhibit A." (ECF No. 6 at 10 ¶ 21; ECF No. 20 at 3 ¶ 21.) Essentially, Defendant seems to believe that because Plaintiff verbally agreed to the modified location in person on April 28, 2017, she cannot claim that the route shown on the map attached to the Agreement, signed on June 15, 2017, (*see* ECF No. 6-1 at 6), misrepresents that verbal agreement. However, there is no evidence

8

before the Court proving that the easement displayed on the map actually denotes the location to which Plaintiff agreed, and she disputes that it does. Plaintiff can plausibly claim that Mr. Weaver's representation of the easement's location is not reflected in the Agreement that she signed, and, in that respect, Plaintiff does not contradict herself in the pleadings. Thus, she should have the opportunity through discovery to meet her burden of proving that she reasonably relied on the misrepresentation of Defendant's agent as to where the modified route would be when she signed the Agreement and that she suffered damages because of that reliance.

Defendant also focuses on the relief that Plaintiff pursues. The Complaint seeks the following three forms of relief in association with Count One: a declaration that the Agreement was obtained through fraud and misrepresentation, a declaration that the Agreement is void and legally unenforceable, and appropriate damages. (*See* ECF No. 1-1 at 3.) Defendant claims that Plaintiff cannot obtain this relief because she admits that she no longer is seeking to void and rescind the Agreement.[2] (ECF No. 6 at 7 ¶ 4; ECF No. 20 at 1 ¶ 4.) Plaintiff agrees with the latter part of this statement and notes in response to the motion that the two declarations she originally sought "are dismissed by agreement." (ECF No. 31 at 4.) Nevertheless, she does not concede anywhere in the pleadings that she waives the damages requested in the Complaint. (*See id.* ("That is the allegation and request currently before the Court; said allegation and requests have in no way, manner, shape or form been legally waived.").) Thus, that relief is still available to Plaintiff. *See Persinger v. Peabody Coal Co.*, 474 S.E.2d 887, 889–900 (W. Va. 1996) (citing

---

[2] Defendant also attempts to argue that statements made by Plaintiff's counsel at the preliminary injunction hearing on March 23, 2018, support this position. (*See* ECF No. 30 at 9.) Regardless of the substance of those statements, they are not part of the pleadings and are not appropriate for consideration when resolving a Rule 12(c) motion.

*Capper v. Gates*, 454 S.E.2d 54, 63 (W. Va. 1994) (internal citations omitted) (listing the monetary damages available to plaintiffs alleging fraud).

In summary, Defendant attempts to argue that Plaintiff has admitted away her fraud claim because she concedes certain facts, most notably those that took place when she walked the property with Defendant's agents and verbally agreed to what she believed would be the modified route on April 28, 2017, and when she voluntarily executed the Agreement on June 15, 2017. (ECF No. 6 at 7 ¶ 1, 10 ¶ 18; ECF No. 20 at 1 ¶ 1, 3 ¶ 18.) However, in those same pleadings, Plaintiff denies that the drawing shown to her on June 10, 2017 by Mr. Weaver or the map attached to the Agreement she eventually signed reflect the reroute to which she previously agreed. (ECF No. 6 at 10 ¶¶ 20, 21; ECF No. 20 at 3 ¶¶ 20, 21.) Regardless of the fact that she voluntarily signed the Agreement or that she accepted the first $50,000 of the agreed upon consideration of $71,995, it is possible that the easements—as drawn on the map attached to the Agreement—do not accurately represent the location on the property to which Plaintiff originally agreed. The Court does not have proper evidence before it at this stage to settle this factual matter.

While case law places the burden on a party to a contract to understand the contents of the instrument, *see Sydnor v. Conseco Fin. Servicing Corp.*, 252 F.3d 302, 306 (4th Cir. 2001) ("[A]n elementary principle of contract law is that a party signing a written contract has a duty to inform himself of its contents before executing it, . . . and *in the absence of fraud* or overreaching he will not be allowed to impeach the effect of the instrument by showing that he was ignorant of its contents or failed to read it." (emphasis added) (internal quotation marks omitted) (citation omitted)), the Court finds, viewing the facts in the light most favorable to Plaintiff, that she has stated a plausible claim for fraud and misrepresentation. Fourth Circuit jurisprudence urges this

Court to allow the parties to proceed to the merits of the claim when appropriate. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted) In that vein, this case should be permitted to proceed to discovery, and Defendant is not entitled to judgment at this stage of the litigation.

IV. CONCLUSION

For the reasons above, the Court **DENIES** Defendant's Motion for Judgment on the Pleadings. (ECF No. 29.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 5, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE